IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALIDA ARIZMENDI-CORALES, et al

    **Plaintiff(s)**

    v.

HON. FRANCISCO JAVIER RIVERA,
et al

    **Defendant(s)**

CIVIL NO. 97-2140 (JAG)

*Received & filed*
*October 19, 2001*
*5:00 PM*

**OPINION AND ORDER**

Defendants have filed a motion *in limine* seeking to limit the scope of damages available to the plaintiffs on their First Amendment claim. The Court finds that, if the jury were to find defendants liable for political discrimination in violation of plaintiffs' First Amendment rights, the plaintiffs would have the full range of remedies commonly available to plaintiffs asserting a claim under § 1983: compensatory, nominal[1] and punitive damages, prejudgment interest, and, where appropriate, equitable remedies such as reinstatement. The Court will address each of these categories separately.

**1. Compensatory Damages**

Should plaintiffs prevail on their First Amendment claim, they may recover for any injuries that they can prove were proximately

---

[1] These would be available, for example, if plaintiffs were to establish defendants' liability but were unable to prove any damages. The typical nominal damage award is one dollar.

AO 72A
(Rev.8/82)

Civil No. 97-2140(JAG)                                                    2

caused by defendants' allegedly wrongful conduct.  <u>See</u>, <u>e.g.</u>, <u>Saldaña Sanchez v. Vega Sosa</u>, 175 F.3d 35, 36 (1st Cir. 1999); <u>Santiago-Negron v. Castro-Davila</u>, 865 F.2d 431, 441 (1st Cir. 1989).  Plaintiffs will be entitled to recover all damages that they can prove they actually sustained as a direct result of the defendants' conduct.  Those damages may include, for example, physical and emotional injury, pain and suffering, mental anguish, shock and discomfort, damage to reputation, emotional distress, lost wages, and lost fringe benefits. Defendants have proffered no persuasive rationale to justify limiting the scope of damages in this case, particularly where, as here, the plaintiffs' First Amendment claims are not dependent on the merits of their due process claims, and the First Circuit has repeatedly held that "a new administration [cannot] use the 'nullity' of appointments doctrine as a cover for discharges, transfers, and discrimination based solely on political affiliation." <u>Acosta-Orozco v. Rodriguez-de-Rivera</u>, 132 F.3d 97, 103 n.4 (1st Cir. 1997); <u>Santiago-Negron</u>, 865 F.2d at 436.

In sum, plaintiffs will be entitled to recover all of the damages (whatever they may be) that fully compensate them for the defendants' allegedly discriminatory conduct, so long as they can show that they were proximately caused by defendants.

**2. Back Pay (as an item of compensatory damages)**

Civil No. 97-2140(JAG)                                                           3

Relatedly, the First Circuit has held that back pay is an item that may be submitted to the jury for its consideration as part of any compensatory damage award. See Santiago-Negron, 865 F.2d at 441 (in a First Amendment case involving plaintiffs not hired in conformity with Puerto Rico personnel laws, the Court held that "back pay shall be considered by the jury as one of the items of compensatory damages"); see also Saldaña Sanchez, 175 F.3d at 36-37; Cordero v. De Jesus-Mendez, 867 F.2d 1, 6 (1st Cir. 1989).

In Saldaña Sanchez, the First Circuit cited Santiago-Negron approvingly for the proposition that: "[s]ubmission of the issue of back pay to the jury as a factor to be considered in its award of compensatory damages eliminates the inevitable overlap between compensatory damages and back pay. In most cases, there will be evidence of an employee's pay. To expect a jury to ignore this is unrealistic, especially where it may constitute the major item of compensatory damages." Id. at 36. Accordingly, plaintiffs may present evidence of back pay to the jury to be considered in its award of compensatory damages.

3. **Punitive Damages**

First Circuit precedent states that "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involved reckless or callous indifference to the federally protected rights of others." Gutierrez-Rodriguez v.

Civil No. 97-2140(JAG)                                                                                               4

Cartagena, 882 F.2d 553, 581 (1st Cir. 1989)(quoting Smith v. Wade, 461 U.S. 30, 56 (1983)); Hiraldo-Cancel v. Aponte, 925 F.2d 10, 12 (1st Cir. 1991). "[P]unitive damages are reserved for instances where the defendant's conduct is 'of the sort that calls for deterrence and punishment over and above that provided by compensatory damages.'" Hernandez-Tirado v. Artau, 874 F.2d 866, 869 (1st Cir. 1989)(quoting Smith, 461 U.S. at 54). Accordingly, plaintiffs will be entitled to seek punitive damages from the jury, except that they may not recover punitive damages against the municipality of Hormigueros. See Saldaña-Sanchez v. Lopez-Gerena, 256 F.3d 1, 11 (1st Cir. 2001).

4.   **Prejudgment Interest**

The decision to award prejudgment interest in a § 1983 case lies within the sole province and direction of the jury. See, e.g., Cordero v. De Jesus-Mendez, 922 F.2d 11, 13 (1st Cir. 1990).

5.   **Reinstatement**

Plaintiffs contend that, even as to those plaintiffs who lack property interest in their job, reinstatement may be a possible remedy. As the First Circuit noted in Rosario-Torres v. Hernandez-Colon, 889 F.2d 314, 321 (1st Cir. 1989), a case cited by the plaintiffs, in a political discrimination case, reinstatement is "available" as a remedy, but not "inevitable." And where, as here, several plaintiffs had "no property right, no vested interest in his position," and therefore "could immediately be fired for no reason or for any permissible reason," that factor weighs against

reinstatement.[2] Id. at 323. Plaintiffs are correct, however, that the lack of a property interest, while important, is not entirely dispositive of the reinstatement issue. Reinstatement is an equitable remedy that falls within the Court's discretion, and it has been allowed even in cases where the discharged employees were ineligible for appointment under Puerto Rico law. See Hiraldo-Cancel v. Aponte, 925 F.2d 10, 14 (1st Cir. 1991). As the Hiraldo-Cancel Court noted, "the trial court bears the principal responsibility for assessing the efficacy of the equitable remedy of reinstatement." Id.

## CONCLUSION

For the foregoing reasons, the Court denies defendants' motion *in limine* to limit the scope of damages available to plaintiffs in this matter.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 19th day of October, 2001.

_____
JAY A. GARCIA-GREGORY
U.S. District Judge

---

[2]This is not the case, of course, for those plaintiffs as to whom there is a genuine issue of material fact regarding their claim to a property interest in their job.