IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALIDA ARIZMENDI-CORALES, et al

    **Plaintiff(s)**

    v.                                              CIVIL NO. 97-2140 (JAG)

HON. FRANCISCO JAVIER RIVERA,
et al

    **Defendant(s)**

*Received & filed*
*October 22, 2001*
*3:45 PM*

## OPINION AND ORDER

The Court has pending before it two motions *in limine*: one regarding a putative retaliation claim, the other regarding the availability of a Law 100 claim for plaintiffs. The Court will allow plaintiffs to bring evidence of continuing discrimination, not retaliation, and will dismiss the Law 100 claim.

A.   **Retaliation**

In the July, 2001 Proposed Pre-Trial Order, plaintiffs announced, for the first time, their intention to include two separate acts of "retaliation" allegedly committed by defendants against plaintiffs Josefa Velez-Olivencia and Miriam Irizarry-Bobe. These plaintiffs alleged that defendants denied them the opportunity to occupy several positions to which they applied and which they were qualified to hold. Plaintiffs further alleged that defendants selected persons who were either less qualified or not at all qualified to occupy these positions. They claim that they

Civil No. 97-2140(JAG)                                                    2

were denied those positions because of Mayor Rivera-Toro's intent to discriminate against them for their opposition to him.

In a subsequent Pre-Trial conference, plaintiffs retreated from their earlier characterization of their claims as "retaliation," and argued, as they do now, that the incidents were "the most recent manifestations of politically-motivated discrimination by the defendants against these two plaintiffs." Plaintiffs' Motion at 13. Plaintiffs point to the First Circuit's recent decision in <u>Clockdile v. New Hampshire Dept. of Corrections</u>, 245 F.3d 1 (1st Cir. 2001) to support their contention that the alleged instances of discrimination were "related to and grow out of the discrimination" they have complained about, and should therefore be allowed as proof of defendants' illegal motive or intent.

These incidents allegedly took place in 1999 and 2000. On the one hand, plaintiffs had ample time to inform defendants about their decision before July, 2001, the date on which they first expressed their intention to include these incidents as part of their case against defendants. On the other hand, defendants *have* known about plaintiffs' intentions since July, 2001. Moreover, when viewed in proper context, plaintiffs' allegations do appear to be part of their political discrimination claim. Given the various allowances that the Court has made for both parties to depose additional parties and conduct additional discovery after the Pre-

Trial dates, the defendants have had sufficient time to investigate and prepare to defend against these two claims of continuing discrimination.

Defendants' claim that the admission of this evidence would place them "in a defenseless position in the eve of trial" ignores that they have had notice of the claim's potential inclusion as part of plaintiffs' case for well over three months. Accordingly, the Court will allow plaintiffs to introduce evidence of ongoing discrimination - as to plaintiffs Velez-Olivencia and Irizarry-Bobe - but will not allow any claim of "retaliation" in connection with these incidents. Plaintiffs may use this evidence to support their case of political discrimination, but may not be allowed to bring a separate "claim" that may entitle them to relief not already contemplated in the amended complaint.

**B.  Puerto Rico Law 100 Claim**

With respect to their Puerto Rico Law 100 claim, plaintiffs concede that Law 100 does not apply to the Commonwealth of Puerto Rico or its municipalities. Plaintiffs' Motion at 16. They contend, however, that the Puerto Rico Supreme Court's recent decision in <u>Rosario Toledo v. Distribuidora Kikuet</u>, 2000 TSPR 107 (2000) would allow them to press their Law 100 claim against defendant Rivera Toro, as he was the "natural person who caused the unlawful discrimination to occur." Plaintiffs' Motion at 16. Plaintiffs' contention, as defendants correctly point out, would

Civil No. 97-2140(JAG)                                                         4

lead to the novel result that the statute would bar suit against the municipality, but not against its chief executive. That is nowhere suggested in <u>Rosario Toledo</u>, and does not seem a sensible interpretation of the law. Until the Supreme Court interprets Law 100 otherwise, the Court will not allow plaintiffs to make an end-run around the statute. The Law 100 claim must be dismissed.

### CONCLUSION

For the foregoing reason, the Court allows plaintiffs to introduce evidence of ongoing discrimination as to plaintiffs Velez-Olivencia and Irizarry-Bobe. The Court will dismiss plaintiffs' Law 100 claim with prejudice.

IT IS SO ORDERED.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 22nd day of October, 2001.

JAY A. GARCIA-GREGORY
U.S. District Judge

*all Parties notified Personally 10/22/01*

AO 72A
(Rev.8/82)