IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALIDA ARIZMENDI CORALES, ET AL.

Plaintiff

v.                                    CIVIL NO. 97-2140(JAG)

FRANCISCO JAVIER RIVERA-TORO,
ET AL.

Defendants

## TAXATION OF COSTS

A trial was held before the Court, and on November 21, 2001, judgment was entered for Plaintiffs. **(Docket Entry No. 143)**. On December 11, 2001, Plaintiffs filed a Bill of Costs requesting the Clerk to tax costs in their favor in the amount of $8,221.21. **(Docket Entry No. 144)**. Defendants did not object. The Clerk has reviewed the Bill of Costs, and now addresses the reasonableness of each category of costs in turn, in order to determine what portion of the $8,221.21 in billed costs may be recovered by Plaintiffs.

Costs are to be taxed as set out below.

### I. Fed.R.Civ.P. 54(d) and 28 U.S.C. §1920.

Taxation of costs is authorized by Fed.R.Civ.P. 54(d) and governed by 28 U.S.C. §1920. Federal Rule of Civil Procedure 54(d)(1) authorizes the taxing of costs "to a prevailing party unless the court otherwise directs." Title 28 U.S.C. §1920 outlines




CIVIL NO. 97-2140(JAG)

taxable costs by category:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witness;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A trial court has no discretion to award costs not listed in section 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). The prevailing party has the burden of proving that the expenses sought to be taxed fall within the section 1920 categories. Green Constr. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D.Kan.1994). If the prevailing party carries this burden, a presumption arises in favor of taxing those costs. U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir.1988). The amount of such costs, however, must be carefully scrutinized to ensure that it is reasonable.

**A. Fees of the Court.**

CIVIL NO. 97-2140(JAG)

Plaintiffs claim they are entitled to $150.00 in court filing fees. Filing fees paid to the Clerk of Court are a taxable cost. 28 U.S.C. §1920(1). This cost is **ALLOWED**.

**B. Fees for Service of Summons and Complaint.**

Plaintiffs claim they are entitled to $35.00 for service of process for the complaint.

Federal Rules of Civil Procedure 4(c) allows service of process by the United States marshal or by a person specially appointed for that purpose or by any person who is not a party and is not less than 18 years of age. Therefore, service of process by individuals other than the Marshal may properly be taxed as cost against defendants. This cost is **ALLOWED**.

**C. Fees for Witnesses.**

Plaintiffs claim they are entitled to $1165.00 in witnesses' fees.

Title 28 U.S.C. §1920(3) allows as costs the fees paid to those witnesses who actually testified at trial. Witness fees are not allowed to those witnesses summoned but not called to testify at trial. <u>Wehr v. Burroughs Corp.</u>, 477 F.Supp. 1012, 1022 (E.D. Penn. 1979), <u>rev'd. in part on other grounds</u>, 619 F.2d 276 (3rd. Cir. 1980).

It is the policy of the Office of the Clerk to limit witnesses' fees to those days on which trial testimony is actually

CIVIL NO. 97-2140(JAG)

given. Witnesses are entitled to the statutory attendance amount of $40.00 per day. 28 U.S.C. §1821(a)(1),(b). Here, Plaintiffs provided a list of fifteen (15) witnesses, which appeared in Court on October 2, 2001. Thus, plaintiffs are entitled to recover only $40.00 per witness, for a total of $600.00.

Therefore, this cost is **ALLOWED AS AMENDED**.

**D. Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case.**

Plaintiffs claim they are entitled to $78.45 for copies.

It is the policy of the Office of the Clerk to allow the reproduction cost of those documents which are placed in evidence at trial or are "reasonably necessary to the maintenance of the action." Rodríquez-García v. Dávila, 904 F.2d 90, 100 (1st Cir. 1990). Items, such as copies for the party's pleading files, are considered to be merely for the convenience of the party in preparing for the trial and are not taxable without pretrial authorization of the trial court. 28 U.S.C. §1920(4).

Regarding the sum of $78.45 claimed for fees and disbursements for printing, Plaintiffs have not described these expenses with any particularity; rather, Plaintiffs merely include general statements of the party to whom they made the payments. There is absolutely no breakdown of the nature of the copies or their use at trial which would allow this Office to determine whether the copies in

CIVIL NO. 97-2140(JAG)

question were "reasonably necessary" for trial. "Simply making unsubstantiated claims that [documents or copies] were necessary is insufficient to permit recovery." <u>Corsair Asset Management, Inc. v. Moskowitz</u>, 142 F.R.D. 347, 352 (N.D. Ga. 1992). In conclusion, Plaintiffs failed to show that the copies allegedly made were obtained for use in the case and were not simply extra copies for the convenience of Plaintiffs and counsel. Thus, these costs are **DISALLOWED**.

**E. Deposition fees.**

Plaintiffs claim they are entitled to $5589.75 for deposition costs.

In <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 249 (1st Cir. 1985), the First Circuit held that "...if depositions are either introduced in evidence or used at trial (impeachment purposes or in successful motion for summary judgment), their costs should be taxable to the losing party. It is with the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at the trial." Furthermore, it is the policy of the Office of the Clerk to allow the costs of those depositions which are placed in evidence at trial *in lieu* of live testimony, those used for impeachment, and those used in connection with a successful motion for summary judgment. Fees for discovery depositions, and

CIVIL NO. 97-2140(JAG)

fees for additional copies of depositions, are not generally taxable as court costs. <u>Emerson v. National Cylinder Gas Co.</u>, 147 F.Supp. 543 (D.C. Mass. 1957), <u>affd.</u>, 251 F.2d 152 (1st Cir. 1957).

Here, Plaintiffs have provided a list of deponents without identifying the dates and use for which the depositions were obtained. From studying Plaintiff's Bill of Costs and Attachment B, the Clerk is unable to determine whether the various transcripts for which Plaintiffs claims costs were used in trial were necessary for trial, or were merely investigatory. Moreover, Plaintiffs have made no showing that the depositions for which they obtained transcripts were reasonably necessary when they were taken. Therefore, the Clerk holds that these costs are **DISALLOWED**.

**F. Fees for Service of Subpoenas.**

Plaintiffs' next category of claimed costs is for $1170.00 for service of subpoenas.

Plaintiffs itemize payments made to Hipolito Cotto ($75.00), Priority Legal Services (($635.00), and Maritza Martínez Quintana ($460.00), presumably all private process servers. For the same reasons that Plaintiffs are not entitled to deposition costs, Plaintiffs' claim to deposition costs is **DISALLOWED**.

**G. Postage and Messenger Service Costs.**

Plaintiffs ask that a total of $33.01 in administrative and out-of-pocket expenses be taxed to Defendants.

CIVIL NO. 97-2140(JAG)

It is well established that none of these items are taxable under §1920. <u>Hollenbeck v. Falstaff Corp.</u>, 605 F.Supp. 421, 439 (D.Mo. 1984), <u>affd.</u>, 780 F.2d 20 (8th Cir. 1985)(holding that office expenses are not "costs" as that term is used in §1920, but rather are non-taxable "out-of-pocket expenses"). These are not litigation costs, but are items "normally associated with the practice of law and are commonly referred to as "overhead" costs." <u>Cody v. Private Agencies Collaborating Together, Inc.</u>, 911 F.Supp. 1, 6 (D.D.C. 1995)(holding that postage, messenger, Federal Express, telephone, parking, and travel are all overhead costs). Therefore, the Clerk holds that these costs are **DISALLOWED**.

In sum, costs are taxed in favor of Plaintiffs and against Defendants as follows:

A. Fees of the Court . . . . . . . . . . . . . . . . . . . $150.00

B. Fees for Service of Summons and Complaint. . . . . . . $35.00

C. Fees for Witnesses . . . . . . . . . . . . . . . . . . $600.00

D. Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case . . . . . . . . . . . . . . . . $0.

E. Deposition fees. . . . . . . . . . . . . . . . . . . . . $0.

F. Fees for Service of Subpoenas. . . . . . . . . . . . . . $0.

G. Postage and Messenger Service Costs. . . . . . . . . . . $0.

**TOTAL:** . . . . . . . . . . . . . . . . . . . . . . . . . **$785.00**

CIVIL NO. 97-2140(JAG)

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, the above determination may be reviewed by the District Court, provided a Motion to Review is filed within five (5) days from receipt of this notification.

In San Juan, Puerto Rico, this 4th day of June 2003.

FRANCES RÍOS DE MORÁN
CLERK OF COURT

Angel Valencia-Aponte
Chief Deputy Clerk